UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| DAVID RAFAEL ANDERSON, SR. | : | DOCKET NO. 2:09-cv-0711 Section P |
|---|---|---|
| VS. | : | JUDGE MELANCON |
| MICHAEL MUKASEY, ET AL. | : | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Currently before the court is a Motion to Dismiss filed on behalf of the respondent in the above-captioned *habeas corpus* matter. [doc. 21]. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

A petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 was filed by *pro se* petitioner, David Rafael Anderson, Sr., in the Southern District of Texas on December 31, 2008, and transferred to this court on April 23, 2009, challenging his continued detention in post-removal-order custody. The petition alleges that petitioner, a native of Honduras, was ordered removed on October 17, 1993, and that his removal order has become final. The petition further alleges that petitioner has been in the custody of ICE pursuant to INA § 241 since April 1, 2006. Thus, petitioner claims that he has been detained beyond both the 90 day removal period and the jurisprudential presumptively reasonable six month removal period in violation of the principles established by the Supreme Court in Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Accordingly, petitioner requests that this court order his release from custody.

In response to this petition, the respondent filed the instant Motion to Dismiss. In support of this motion, the government presents documentation which establishes that the petitioner was released from post-removal-order detention pursuant to an Order of Release on his own recognizance on June 11, 2009. *See* Government Exhibit A.

At the time that this petition was filed, Petitioner was in detention pursuant to the statutory authority of § 241 of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231, and he sought to have the court review his post-removal-order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed. For this reason,

**IT IS RECOMMENDED** that the respondent's Motion to Dismiss [doc. 21] be **GRANTED** and that this petition be **DENIED AND DISMISSED WITH PREJUDICE as MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, July 1, 2009.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE